**Date signed September 15, 2004**



```
                              _____
                                    PAUL MANNES
                              U. S. BANKRUPTCY JUDGE
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| **In Re:** | * | |
| **Kora & Williams Corp. d.b.a. Cormac** | * | Case No.   88-41402 PM |
| **Construction Corp.,** | * | Chapter   7 |
| | * | |
| **Debtor.** | * | |
| ****************************************** | * | |

## MEMORANDUM OF DECISION

The court has before it the amended application of Arent Fox PLLC ("Arent Fox"), former counsel to the Chapter 7 Trustee, William B. Sullivan ("Sullivan" or "Trustee"), for final allowance of compensation and reimbursement of expenses and the responses of Sullivan, creditor/shareholder Ira Steinberg ("Steinberg") and the United States Trustee.

### Background

In 1984, Kora & Williams Corp. d.b.a. Cormac Construction Corp. (the "Debtor") was awarded a contract to build the Union Station Bus/Parking Garage and Rail Access Facilities in the District of Columbia. In 1987, the District of Columbia terminated the Debtor as contractor for an alleged default. After protracted litigation in two parts, one as to entitlement and second as to damages, the Debtor and its surety prevailed. Some measure of the complex nature of the case may be found in the opinion of the District of Columbia Court of Appeals, in District of Columbia v. Kora & Williams Corp., 743 A.2d 682, 685 (D.C. 1999). The evidentiary hearing on the entitlement phase involved 6,000 exhibits. There were 5,800 pages of transcript and a 170-page opinion of the District

of Columbia Board of Contract Appeals. As a result, the bankruptcy estate and its surety recovered the sum of $18,497,310.76 in July 2000.

It is undisputed that, until July 2000, the estate did not have the funds to pay any administrative claimants until recovery of this judgment. Likewise it cannot be disputed that the litigation could not be pursued on behalf of the bankruptcy estate without an investment of time by Arent Fox for which there was no assurance whether or when there would be compensation.

This bankruptcy case was commenced in May 1988, by the filing of a Chapter 7 involuntary petition. The Debtor consented to the entry of an order for relief on July 7, 1988, and moved to convert the Chapter 7 case to one under Chapter 11 on the same day. The case was converted to a Chapter 11 case but re-converted to a Chapter 7 case on January 6, 1989. Sullivan was appointed interim trustee and, as a trustee was not elected, under 11 U.S.C. § 702(d), he thereupon served as trustee. The employment Arent Fox as attorneys for the trustee was authorized by court order entered January 31, 1989, that granted *nunc pro tunc* approval of the application as of January 6, 1989. Arent Fox has been awarded interim fees on two occasions.[1] At the time of his appointment as trustee, Sullivan was a partner at Arent Fox. Effective April 1, 1990, he resigned from that law firm and became a partner of the law firm of Womble, Carlyle, Sandridge and Rice and relocated to Winston-Salem, North Carolina. By application filed on the established bar date for administrative claims of February 2, 2004, Arent Fox seeks final allowance of compensation for services rendered totaling $522,671.00 for 3,492.4 hours and for the reimbursement of expenses of $46,570.36 for the period June 1, 1991, through December 31, 2001. By its amended final application, Arent Fox sought an additional $199,957.00 as compensation for "extraordinary delay in payment" – a delay spanning approximately twelve years (June 1991, through February 2004). Further, Arent Fox requested an award of interest accruing from the date of entry of an order granting final compensation to the date of payment by the estate.

---

[1] By order dated January 1, 1990, Arent Fox was awarded interim fees of $181,157.50 and expenses of $14,296.24. By a second order of August 3, 1992, Arent Fox was awarded interim fees of $475,000.00 and expenses of $68,816.84.

The Trustee filed a response in support of Arent Fox's final application, acknowledging a conflict of interest acting in his capacity as trustee, because his current law firm also will seek delay compensation. Sullivan negotiated a reduction in the Arent Fox claim for delay compensation that related to hypothetical rates charged by former partners and employees of Arent Fox. The United States Trustee and Steinberg opposed Arent Fox's request for delay compensation and interest.[2] No interested party objected to Arent Fox's final application for compensation as initially filed for the period at issue. After a careful review of the application, the court finds that the lodestar fee requested ($522,671.00) and the reimbursement of expenses incurred are reasonable, subject to the adjustment discussed herein, and should be allowed.[3] See Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714 (CA5 1974).

The issues presented by the amended final compensation for compensation are: (1) whether delay compensation should be awarded to Arent Fox; and (2) whether interest should be allowed on the amounts awarded as compensation.

## Discussion

This case presents an extraordinary situation for which there is no specific provision in the Bankruptcy Code. The issue presented involves questions of fairness both to the administrative claimants and to Steinberg who receives what is left on the table. Arent Fox performed the vast majority of the services rendered on behalf of the Trustee between 1991 and 1994. In calculating the

---

[2] The United States Trustee asserts that Arent Fox's 38.25% increase to the blended hourly rate is not justified; that the historical rates billed take into account the risk of non-payment or delay; that since funds were available in 2000, Arent Fox should not be rewarded for waiting several years before seeking compensation; and that Arent Fox applied a flawed methodology in calculating its enhancement.

Steinberg asserts that Arent Fox's delay compensation request lacks a basis in the Bankruptcy Code; that the request is unreasonable given the results obtained; and that Arent Fox could have filed a more timely application.

[3] The Trustee noted that upon review of the final application, a reduction of $185,816.50 (relating to preference litigation and certain contract claims) was suggested. Arent Fox reduced its compensation request by this amount and further noted that, in the exercise of billing discretion, it also was not seeking compensation for time spent in preparation of and in defense of its second interim application. With respect to the amended final application, Sullivan suggested a recalculation of the rates used by Arent Fox, resulting in reduction of $235,000.00. As redrafted and filed with the court, the Trustee has no objection to the amended final application.

delay compensation sought, it used current hourly rates for timekeepers rather than the applicable rates when the services were performed. Current 2004 rates were used for four timekeepers (two partners and two legal assistants) and for timekeepers who had left the firm, the rate billed at the time of departure was used. These adjustments resulted in an increase above the compensation requested of $199,957.00.

The opposition of Steinberg is based upon three arguments. First is the acknowledged absence of any provision in the Bankruptcy Code for allowance of interest on administrative claims. He next contends that the results obtained by Arent Fox do not justify the fees sought and finally that Arent Fox should not be compensated for the delay in payment to it caused by its failure to file a timely application for compensation. The court finds merit in the final point and will deal with the two other arguments in this opinion.

In support of the delay compensation sought, Arent Fox relied heavily on In re Commercial Consortium of Ca., 135 B.R. 120 (BC C.D. CA 1991), asserting that this court has the discretion to allow an award of fees at current or adjusted rates in appropriate circumstances. Also in support, the Trustee cited to, among others, Cooper v. Dyke, 814 F.2d 941 (CA4 1987), and In re The Leonard Jed Co., 118 B.R. 339 (BC MD 1990) (J. Scheinder).

The Court of Appeals for the Fourth Circuit instructs that attorneys are entitled to fee awards that reflect the economic impact of delay and inflation. Cooper v. Dyke, 814 F.2d at 951. Awards of delay compensation to attorneys apply in bankruptcy cases. See In re The Leonard Jed Co., 118 B.R. at 347; In re Commercial Consortium of Ca., 135 B.R. at 127. Steinberg is correct in his argument that there is no language in the Bankruptcy Code for authorizing awards of delay compensation. But such awards are supported by case law in this Circuit and in this District.

The court is convinced that Arent Fox should be compensated for the lengthy delay in payment. However, "[t]he particular method of accounting for delay in payment is within the discretion of the district court." Daly v. Hill, 790 F.2d 1071, 1081 (CA4 1986). The Court of Appeals remanded the issue of delay compensation in Daly v. Hill noting that the court may ". . . increase the hourly rates to reflect current market rates, or it may increase the lodestar to counterbalance the effect of inflation

and foregone interest on the value of the fee." Id.  Relying on Cooper v. Dyke, without further discussion, Judge Schneider awarded a 10% increase of the lodestar amount because of the applicant's "high risk of nonpayment and delay." In re The Leonard Jed Co., 118 B.R. at 347.  The court agrees wholeheartedly with the reasoning behind this approach.  Fairness dictates compensation for delay in payment that is not the fault of the applicant.  Unfortunately, there is no black letter rule with respect to calculating such awards.  In any commercial litigation outside of the bankruptcy court, in the absence of some other agreement, professionals are entitled to be paid in a reasonably prompt period for their services rendered, if funds are available.  If delay is anticipated, then professionals protect themselves under the terms of their engagement.

      This court will not allow enhancement to the compensation sought based upon the fact that Arent Fox's current rates are substantially higher than the rates charged by it at the time services were rendered.  For one reason, Arent Fox is not entitled to a windfall for sitting on its application for an additional three years after the funds became available to pay it for services performed in 1991 through 1994, the period when more than 98.5% of the work for which compensation is now sought was done.  There is also a fallacy in logic that because Mary Joanne Dowd's rate was $200.00 an hour in 1991, and her billing rate now is $410.00 an hour, that some adjustment should be made on that account.  The fallacy in this argument, as pointed out in the opposition to the application filed by the United States Trustee, is that the attorney now billing $410.00 an hour has a dozen years more experience than the attorney who billed $200.00 an hour.  It is that experience in the largest measure that justifies the fee increase, not the passage of time.

      According to the billing statements, the following approximate amounts were billed for each year:

| Year | Amount |
|------|--------:|
| 1991 | $141,333.00 |
| 1992 | $212,018.00 |
| 1993 | $55,702.00 |
| 1994 | $104,093.00 |
| 1995 | $2,833.00 |
| 1996 | $3,209.00 |
| 1997 | $2,636.00 |
| 1998 | $0.00 |

| | |
|---|---|
| 1999 | $0.00 |
| 2000 | $0.00 |
| 2001 | $210.00 |

Arent Fox could and should have filed an interim or final application in as early as mid-2001. It performed little work in 1998 and no work in 1999 and 2000. During these two years, Arent Fox might have assembled its records and prepared an application. As such, the court will concentrate on a delay period of nine years (1992 through 2001) rather than the twelve years requested.

In making this analysis, the court presumes that had the funds been available, Arent Fox would have made no less than annual interim applications for payment. As a result, the court will seek to augment the lodestar rate allowed based on the annual amounts billed.[4] Based on this methodology, Arent Fox would be entitled to an enhancement of $156,514.81.[5]

---

[4]

| Year | Amount Billed | Years of Delay (assuming payment the following year) | Total Amount (with interest accruing at 4.5 % by 2001) |
|---|---|---|---|
| 1991 | $141,333.00 | 8 | $192,212.88 |
| 1992 | $212,018.00 | 7 | $278,803.67 |
| 1993 | $55,702.00 | 6 | $70,741.54 |
| 1994 | $104,093.00 | 5 | $127,513.93 |
| 1995 | $2,833.00 | 4 | $3,342.94 |
| 1996 | $3,209.00 | 3 | $3,642.22 |
| 1997 | $2,636.00 | 2 | $2,873.24 |
| 1998 | $53.00 | 1 | $55.39 |
| | | | $679,185.81 |

*No amounts were billed in 1999 and 2000 and the amounts billed in 2001 are not being considered.

**The court applied a hypothetical interest rate of 4.5% annually based on a review of historical records of the Federal Reserve System for one-year treasury bills for the years at issue.

[5] The court tried to calculate the amount billed for each year as reflected on Arent Fox's billing statements. The total for all years at issue ($522,034.00) varies from the total asserted by Arent Fox by $636.00. With this modest

The court recognizes that its analysis of this matter is based on several competing factors. The calculation of a delay payment award is not a perfect science; however, the court is confident that the allowance of an additional $156,500.00 is reasonable compensation for the lengthy delay in payment and contemplated as an adjustment of the lodestar on account of the delay in payment and the substantial risk of nonpayment.

For the reasons set forth in In re Reed, 293 B.R. 698 (BC N.D. TX 2003), the court finds that Arent Fox is not entitled to any additional award of interest as such. The Reed court sets forth both the minority and majority views with respect to the payment of interest on administrative claims under §726(a)(5) of the Bankruptcy Code in surplus cases. Agreeing with neither, the Reed court concludes that § 726(a) applies only to claims of entities that arose at the time of or before the filing of the order for relief, excluding from the scope the claims of a trustee and his professionals as their claims necessarily arise postpetition. Id. at 700-01. The court concurs with the Reed court and finds that Arent Fox is not entitled to interest as such on its allowed administrative claim.

An appropriate order will be entered.

cc:   Mary Joanne Dowd, Esq.
      William B. Sullivan, Esq.
      Jeffrey L. Tarkenton, Esq.
      Craig M. Palik, Esq.
      Office of the United States Trustee

**End of Memorandum Decision**

---

difference, the court did not try to recalculate in attempt to find the computation error.