Date signed July 19, 2005



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| KORA & WILLIAMS CORP. | : | Case No. 88-41402PM |
| d/b/a CORMAC CONSTRUCTION CORP. | : | Chapter 7 |
| | : | |
| Debtor | : | |

## MEMORANDUM OF DECISION

This case is before the court on the Trustee's Notice of Proposed Settlement and Compromise with Watt Tieder Hoffar & Fitzgerald, LLP ("Watt Tieder"). The proposed compromise deals with what might be an untimely motion for reconsideration of this court's Memorandum of Decision and Order on the First and Final Application for Compensation filed by Watt Tieder that was entered November 15, 2004. Under this court's ruling, the compensation of Watt Tieder was limited to the amount calculated as due under the contingent fee agreement. Sixteen days after entry of the Order, Watt Tieder filed a Motion for Reconsideration of the Order, pursuant to which it sought this court to "clarify" its ruling and order that the base for Watt Tieder's compensation included interest distributable to unsecured creditors, other than Insurance Company of North America ("INA") in calculating its 25% contingency fee. Initially, the Trustee opposed this motion. But he now proposes a settlement that would result in Watt Tieder being paid a sum equivalent to 12-½% of the interest paid to applicable unsecured creditors. The proposed settlement is opposed by Ira Steinberg ("Steinberg"), the holder of unsecured claims without priority and Debtor's sole equity interest holder. The Trustee reports that in all likelihood all unsecured creditors will be paid in full, and

there will be a substantial surplus to be turned over to Steinberg.

The proposed settlement will eliminate the risks to the estate of the motion for reconsideration and any appeals therefrom.  It will assist in bringing this 17-year old case to a conclusion.  The Trustee urges that the settlement is reasonable and in the best interests of the estate, "due to the risks of litigation and the magnitude of the Claim."  Steinberg sees matters otherwise.  He has standing both as a creditor and as the owner of all of the equity of the Debtor and is thus entitled to the residue remaining in the estate after all creditors have been paid in full.  He will bear the brunt of any unfavorable result.

For starters, Steinberg suggests that this is an untimely motion in that it was filed well beyond the 10-day period allowed for such motions under Fed. Rule of Bankruptcy Proc. 9023 that makes Fed. R. Civ. P. 59 applicable in bankruptcy cases.  He may well be right, if the court's Order is in fact a final order.  However, the Order is incomplete in one respect.  It states the formula for calculating the fee, but not the exact amount.  The court finds that a debatable issue exists as to the finality of the court's Order.  But, the court also finds that its decision does not call for one clarification requested by the moving party.  Interest is not to be a component of the contingent fee of counsel.

In bankruptcy cases under Chapter 7, the court accords great weight to the business decisions of the trustee, particularly in making recommendations to resolve disputes and bringing cases to a conclusion.  But here, considering the original position of the Trustee in resisting the motion, the court is inclined to balance the weight given the Trustee's business decision with the wishes of Ira Steinberg, the principal party in interest.  The court agrees with the Trustee that substantial costs will be incurred in the course of an appeal and any re-trial.  If the motion for reconsideration is found to be timely filed, complicated issues will be argued on appeal.  But the court finds that the Trustee has not made a sufficient showing to cause the court to approve the settlement.  In so doing, the court is not saying that it is 100% certain as to the durability of its decision on appeal.  It rarely is.  But here, the risk of reversal falls entirely upon the party objecting to this settlement.  The court believes that Mr. Steinberg should have his day in court, because all of the costs of this exercise will be borne by him.

An appropriate order will be entered.

cc:
William B. Sullivan, Trustee, Womble Carlyle, P.O. Drawer 84, Winston-Salem, NC 27102
Jeffrey Tarkenton, Esq., Womble Carlyle, 1401 I Street, N.W., Washington, DC 20005
Robert G. Watt, Esq., Watt Tieder, 7929 Westpark Drive, Suite 400, McLean, VA 22102
Morton Faller, Esq., Shulman Rogers, 11921 Rockville Pike, Rockville, MD 20852
Daniel Litt, Esq., Dickstein Shapiro, 2101 L Street, N.W., Washington, DC 20037
David C. Romm, Esq., Winston & Strawn, 1400 L Street, N.W., Washington, DC 20005
Craig M. Palik, Esq., Greenan & Walker, 6411 Ivy Lane, Suite 200, Greenbelt, MD 20770

**End of Memorandum**