Date signed January 12, 2006



_____
**PAUL MANNES**
**U. S. BANKRUPTCY JUDGE**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| **In re:** | : | |
| **Kora & Williams Corp.** | : | **Case no. 88-41402-PM** |
| | | **Chapter 7** |
| | : | |
| **Debtor.** | | |

### MEMORANDUM OF DECISION

Insurance Company of North America ("INA") filed a Motion to Compel Production of Documents from Chapter 7 Trustee William B. Sullivan and Equity Holder Ira Steinberg on November 11, 2005 (the "Motion"). In the Motion, INA sought to compel the production of approximately 120 documents from the Trustee and Steinberg in connection with an objection to claim proceeding. The documents were withheld by the Trustee and Steinberg based upon an assertion of a "joint defense/common interest privilege." Both the Trustee and Steinberg opposed INA's Motion. Upon consideration of the Motion and the opposition thereto, and having held a hearing on the Motion on December 21, 2005, the Court will deny the Motion.

The "common interest" or "joint defense" privilege asserted by the Trustee and Steinberg is an extension of the attorney-client privilege and "presupposes the existence of an otherwise

valid privilege."[1]  See  In re Grand Jury Subpoenas, 89-3 & 89-4, 902 F.2d 244, 249 (4th Cir.

1990).  In Grand Jury Subpoenas, the Fourth Circuit recognized that "persons who share a

common interest in litigation should be able to communicate with their respective attorneys and

with each other to more effectively prosecute or defend their claims" without waiving privileged

attorney-client communications.  Id.  For the privilege to apply, the common interest must be

legal in nature.  See Sheet Metal Workers Inten. Ass'n. v. Sweeney, 29 F.3d 120, 124 (4th Cir.

1994); In re Asia Global Crossings, Ltd., 322 B.R. 247, 264 (Bankr. S.D.N.Y. 2005) ("The

doctrine is limited to situations where multiple parties are represented by separate counsel but

share a common interest about a legal matter.").  In addition, as with any claim of attorney-client

privilege, the party asserting the claim must establish that the communication was made in

confidence, and under circumstances that made it objectively reasonable for the client to believe

that the communication was confidential.  Asia Global, 322 B.R. at 264 (citing United States v.

Schwimmer, 892 F.2d 237 (2nd Cir. 1989).

    Despite the concept that privileges, including the attorney-client privilege, are not

favored, In re Allen, 106 F.3d 582, 600 (4th Cir. 1997) (citing United States v. Aramony, 88 F.3d

1369, 1389 (4th Cir. 1996), the Court has determined to deny the motion to compel the

documents.  In their oppositions to the Motion, the Trustee and Steinberg state that they

communicated with each other and their respective attorneys for the purpose of pursuing their

---

[1]  One commentator argues that the "allied lawyer doctrine" applies when parties with separate
lawyers consult, as appears to have been the situation in the case at bar, whereas the "joint client doctrine"
or "joint defense privilege" applies when two clients share the same lawyer.   24 Charles Alan Wright &
Kenneth W. Graham, Federal Practice and Procedure, sec. 5943 (1986 Supp.2005).  The commentator further
states: "To make matters even worse, some courts have combined the work product doctrine, the allied lawyer
doctrine, and the joint client exception into something that resembles a separate privilege called "the common
interest privilege." Id.

individual objections to INA's claim. The Trustee and Steinberg argue that they share a common legal interest in pursuing the objections to INA's claim in that they both seek to reduce INA's claim. In addition, the Trustee and Steinberg entered into a "Common Interest Agreement" at approximately the same time the objections to INA's claim were filed, and the Agreement reflects the parties' intention to act cooperatively in pursuing their objections to INA's claim.

INA argues that the Trustee cannot share a common interest with Steinberg given Steinberg's position as the sole equity holder of the Debtor and the Trustee's obligation to represent the entire estate. The parties did not cite case law on point in support of, or in opposition to, this argument. Because of the possibility of the creation of a precedent dealing with arrangements between trustees and creditors affecting other similarly-situated creditors, the Office of the United States Trustee was invited to participate in the argument of this issue but declined the invitation.

Here, the Trustee determined that cooperating with Steinberg will assist in the Trustee's prosecution of his objection to INA's claim, and the potential reduction of INA's claim benefits the estate as a whole, and, incidentally, Steinberg as the sole equity holder.

The Trustee and Steinberg properly asserted a joint defense/common interest privilege. An appropriate order will be entered.

cc:     Debtor
        Debtor's counsel
        Chapter 7 Trustee
        Chapter 7 Trustee's counsel
        United States Trustee

**End of Memorandum Decision**