Date signed February 02, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| KORA & WILLIAMS CORPORATION   : | Case No. 88-41402PM |
| : | Chapter 7 |
| Debtor      : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : | |

## MEMORANDUM OF DECISION

The Insurance Company of North America ("INA") filed a timely Motion pursuant to Fed. Rules of Bankruptcy Proc. 7052(b) and 9014(c) to alter or amend this court's Memorandum of Decision entered October 28, 2006, and judgment entered thereon December 28, 2006. The Motion is directed at that portion of the court's decision sustaining the objection of Ira P. Steinberg dealing with the allocation of $70,000.00 of funds from what has been identified as the Walker House Project. The Motion is opposed by Ira Steinberg and is also opposed by the Chapter 7 Trustee. The court will ignore the Trustee's opposition, because, as noted in the Motion, the First Set of Stipulations of INA, Ira Steinberg and William B. Sullivan, Chapter 7 Trustee, filed March 3, 2006 (D.E. 745), provided in part:

    4.  All contract balances received from the owner of the Walker House project have been accounted for to the satisfaction of the Trustee.

    5.  With the exception of $70,000, all contract balances received from the owner of the Walker House project have been accounted for to the satisfaction of Steinberg.

Until his most recent pleading, the Trustee treated this stipulation as binding.  The court will not allow the Trustee is to renege on this stipulation.

As noted in a leading bankruptcy encyclopedia, the purpose of a motion filed pursuant to Rule 7052(b) is in part "to clarify essential findings or conclusions, correct errors of law or fact . . . ."  Colliers on Bankruptcy, 15th ed. Revised, ¶ 7052 (2006).[1]  Put another way, "Rule 52(b) is intended to reduce the frequency of remand . . . ."  Wright & Miller, <u>Federal Practice and Procedure</u>, § 2582 (supp. 2006).  The motion must be filed not later than 10 days after entry of judgment.  The barrier for amending findings is far lower than the weighty three part test for amending judgments: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Collison v. International Chemical Workers Union*, 34 F3d 233, 236 (CA4 1994).  Here, the court's function is to correct what is argued is an obvious oversight and to do so without the necessity for an appeal.  In its Reply Memorandum, INA finds comfort in 11 U.S.C. § 502(j) which, together with Fed. Rule of Bankruptcy Proc. 3008, provides another mechanism for reconsideration of claims.  Regardless of which mechanism is used, the result is the same.  The court is empowered to use its discretion in reconsidering its prior ruling on this claim.

The court has carefully reviewed the Motion and the accompanying material consisting of parts of the record.  The issue of application of the $70,000.00 was not argued in detail in the course of the trial, but it was referred to briefly in the final argument.  INA made no mention of it in either of its two post-trial briefs.  But the court finds the record clear and fully supports the arguments made in the Motion.  The court finds that it previous holding is in error sustaining the objection by Mr. Steinberg to INA's accounting of $70,000.00 of proceeds attributable to the Walker House project.  INA has documented fully in the record the receipts and disbursements from the Walker House job.  The court agrees with INA that it had no obligation to audit the $2,304,772.00 that Kora & Williams represented that it had received from the project.  At a minimum, INA acted reasonably in relying upon that representation.

An appropriate order will be entered.

---

[1] It may be noted that the current edition of this work refers only to adversary proceedings, but the court is advised by its editors that the forthcoming revision will refer to contested matters as well.

cc:
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770
Jeffrey L. Tarkenton, Esq., Womble Carlyle, 1401 Eye Street, N.W., Washington, DC 20005
David C. Romm, Esq., Winston Strawn, 1700 K Street, N.W., Washington, DC 20006
Craig M. Palik, Esq.,  McNamee Hosea, 6411 Ivy Lane, Suite 200, Greenbelt, MD 20770

**End of Memorandum**